**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **BRANDON MCKINNIE,** | ) | **CASE NO.   1:16CR304** |
| | ) | **1:19CV1497** |
| **Defendant-Petitioner,** | ) | |
| | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| vs. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Plaintiff-Respondent.** | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant's Amended Motion for Relief under 28 U.S.C. § 2255. (Doc. 352). For the following reasons, Defendant's Motion is **DENIED**.

**I. BACKGROUND FACTS**

On September 20, 2016, a Grand Jury indicted Defendant with three counts stemming from two narcotics trafficking conspiracies. In the Summer of 2017, Defendant executed a Plea Agreement (Doc. 236) and pleaded guilty to the Indictment. The Plea Agreement contained both an appellate and collateral attack waiver.

On December 7, 2017, the Court found Defendant to be a career-offender under U.S.S.G. § 4B1.1 and sentenced Defendant to 151 months imprisonment. While Defendant appealed the Court's Sentence, the Sixth Circuit dismissed his appeal because of the appellate waiver in the Plea Agreement. (Doc. 337).

On June 28, 2019, Defendant filed his original Motion under 28 U.S.C. § 2255. (Doc. 347). Defendant subsequently amended his Motion on August 27, 2019. (Doc. 352). The

Government filed its Response to the Amended Motion on October 18, 2019. (Doc. 354). After receiving leave from the Court, Defendant filed a Reply on December 3, 2019. (Doc. 358).

## II. LAW & ANALYSIS

### A.  Standard of Review

Section 2255 of Title 28, United States Code, provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

"In order to prevail upon a § 2255 motion, the movant must allege as a basis for relief: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (quoting *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001)).

Defendant's claims for relief stem from his career-offender designation under U.S.S.G. § 4B1.1 and the Sixth Circuit's *en banc* decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019). Defendant claims he is entitled to relief for two reasons. First, in light of *Havis*, Defendant's prior drug crimes are not 'controlled substance offenses' sufficient to support the career offender enhancement. And second, Defendant's trial counsel provided ineffective assistance by failing to properly preserve the *Havis*-like issue. (Doc. 352, PageID: 2243).

The Government opposes Defendant's request for three reasons. First, Defendant waived this type of collateral attack in his Plea Agreement. Second, Defendant's claim based on *Havis*

is not cognizable under § 2255.  And third, counsel for Defendant did not provide ineffective assistance by failing to preserve the *Havis*-like issue for appeal.  (*See* Doc. 354).

The Court agrees with the Government.  As explained below, the Sixth Circuit has considered and decided the same arguments that Defendant asserts here.  And because the Sixth Circuit has found these arguments without merit, the Court does so as well.

**B.     Ground One – *Havis* and Defendant's Career-Offender Designation**

Defendant argues he no longer qualifies as a career-offender because of the Sixth Circuit's *en banc* decision in *Havis*.  Accordingly, Defendant asks for a resentencing.  The Government disagrees for two reasons.  First, Defendant waived this type of collateral attack in his Plea Agreement.[1]  And second, even if Defendant did not waive the argument, his argument must fail because *Havis* does not apply to collateral attacks.  The Court agrees with the Government.

Before *Havis*, "a conviction…for offering to sell a controlled substance constitute[d] an attempt to distribute a controlled substance, and…qualifi[ed] as a controlled substance offense[.]"  *United States v. Evan*, 699 F.3d 858, 868 (6th Cir. 2012) (abrogated by *Havis*, 927 F.3d at 386-87).  Since Defendant had two prior convictions for attempted drug trafficking and conspiracy to engage in narcotics trafficking, the Court found him to be a career-offender.  However, a year and a half after the Court's Sentence, the Sixth Circuit in *Havis* determined "that attempt crimes do not qualify as controlled substance offenses" for career-offender purposes.  *Havis*, 927 F.3d at 387.  Thus, Defendant's argument is correct—if sentenced today, it is likely that Defendant would not be considered a career-offender.

---

[1] For the present Order, the Court assumes that Defendant did not waive this type of collateral attack in his Plea Agreement.

- 3 -

Unfortunately for Defendant, the Sixth Circuit has already considered the exact issue Defendant raises here—collateral relief in light of *Havis*. *See Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019). In short, Defendant is not entitled to the relief he seeks. In *Bullard*, the defendant made the same two arguments that Defendant does: (1) that the trial court misclassified him as a career-offender in light of *Havis*; and (2) that trial counsel provided ineffective assistance of counsel by failing to object to the career-offender enhancement based on a *Havis*-like argument. *Id.* at 657. The *Bullard* court rejected both claims. *Id.*

With respect to the first argument, the Sixth Circuit relied on precedent and the advisory nature of the Guidelines to determine that "a misapplication-of-an-advisory-guideline-range claim is not cognizable under § 2255." *Id.* at 660 (citing *Snider v. United States*, 908 F.3d 183, 191 (6th Cir. 2018)). This is because most misapplications do not affect the lawfulness of the sentence. *Id.* For example—Defendant here faced a statutory maximum of 40 years imprisonment. The Court sentenced him to 151 months, well below the statutory maximum. So while the career-offender designation had some impact on the sentence the Court imposed, the sentence is lawful.

Accordingly, the Sixth Circuit determined that Mr. Bullard could not use § 2255 or *Havis* to attack collaterally his designation as a career offender under the Guidelines. *Id.* at 661. The Court joins other district courts who have considered this issue and holds that Defendant cannot rely on *Havis* to challenge his career-offender status on collateral review. *See United States v. Monroe*, 2020 WL 589044, at *4 (N.D. Ohio Feb. 5, 2020) (Gaughan, C.J.); *Gamble v. United States*, 2020 WL 475832 (W.D. Tenn. Jan. 29, 2020). Therefore, Defendant's first Ground for Relief is without merit.

**C.      Ground Two – Ineffective Assistance of Counsel[2]**

In his second Ground for Relief, Defendant argues his counsel provided ineffective assistance by failing to object to the career-offender enhancement based on the argument that prevailed in *Havis*.  Namely, Defendant believes his trial counsel should have objected to the enhancement because the application notes impermissibly broadened the scope of 'controlled substance offense.'  The Government argues that counsel had no such obligation.  According to the Government, it is unreasonable for counsel to have to anticipate future changes in the law and advance that argument.  Again, the Court—as well as the Sixth Circuit—agrees with the Government.

To prevail on his claim of ineffective assistance of counsel, Defendant "must meet the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, Defendant must show "that counsel's representation fell below an objective standard of reasonableness." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).  "And second, that the attorney's poor performance prejudiced the defendant's case." *Monea v. United States*, 914 F.3d 414, 419 (6th Cir. 2019).  A court need not address both elements.  *Bullard*, 937 F.3d at 661.

As discussed above, the *Bullard* court ruled on a similar argument.  Looking at the time of sentencing, the *Bullard* court determined that the state of the law supported that an attempt to distribute a controlled substance qualified as a controlled substance offense.  *Id.* ("looking back to when the district court sentenced Bullard and when he filed his direct appeal…our caselaw was different").  It then reiterated a longstanding truth in the Sixth Circuit—that "counsel is not ineffective for failing to predict development in the law." *Id.* (citing *Snider*, 908 F.3d at 192

---

[2] In his Amended Motion, Defendant refers to "Appellate counsel" in the heading and "trial counsel" in his argument.  The distinction makes no difference for the present purpose as neither had the obligation to anticipate the change in law that *Havis* brought.

(collecting cases)). Accordingly, *Bullard* determined that it was reasonable for his attorneys not to object to the conduct enhancement. *Id.* at 661-62.

Likewise, trial counsel here had no obligation to anticipate that a *Havis*-like argument would succeed at sentencing or on appeal. Binding Sixth Circuit precedent in *Evan* held the opposite. It is therefore difficult to say that counsel missed an "obvious legal argument" as Defendant suggests. It took an *en banc* decision of the Sixth Circuit to reverse *Evans*. Moreover, the Court is not persuaded by Defendant's non-binding precedent of *United States v. Winstead*, 890 F.3d 1082 (D.C. Cir. 2018). *Bullard* is binding and controls the outcome in this case. Other district courts throughout the Sixth Circuit agree. *See United States v. Powell*, 2020 WL 3412285 (E.D. Mich. June 22, 2020); *Helton v. United States*, 2020 WL 4550924 (E.D. Tenn. Aug. 6, 2020).

As the Sixth Circuit determined in *Bullard*, the Court holds the same here: defense counsel did not perform unreasonably by failing to make a *Havis*-like argument at sentencing. Accordingly, Defendant's second Ground for Relief fails.

### III. CONCLUSION

The Court is sympathetic to Defendant's position. Without a doubt, if Defendant were resentenced today, it is likely he would not be considered a career-offender. The *Bullard* court realized the same for Mr. Bullard. Unfortunately, § 2255's limited scope does not provide the type of relief Defendant seeks. Nor did counsel perform unreasonably by failing to anticipate a future change in the law.

Thus, because Defendant two Grounds for Relief are without merit, the Court **DENIES** Defendant's Amended Motion for Relief under § 2255.

Based on the status of the law in the Sixth Circuit, the Court finds an appeal from its decision denying Defendant's two Grounds for Relief could not be taken in good faith. 28 U.S.C. § 1915(a)(3). Defendant has failed to make a substantial showing that he was denied any constitutional right. The Court therefore declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); 28 U.S.C. § 2255, Rule 11(a); FED. R. APP. P. 22(b).

**IT IS SO ORDERED.**

                                                s/ Christopher A. Boyko
                                                **CHRISTOPHER A. BOYKO**
                                                **Senior United States District Judge**

**Dated: August 27, 2020**