# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR304 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| BRANDON MCKINNIE, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Brandon McKinnie's Motion for Compassionate Release. (Doc. 376 & 377).  For the following reasons, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

On September 20, 2016, a Grand Jury indicted Defendant with three counts stemming from two narcotics trafficking conspiracies.  In the Summer of 2017, Defendant executed a Plea Agreement and pleaded guilty to the Indictment.  On December 7, 2017, the Court sentenced Defendant to 151 months imprisonment.  Defendant is 35 years old, has served roughly 46 months and is currently incarcerated at Elkton Federal Correctional Institution.

On June 5, 2020, Defendant filed his Motion for Compassionate Release.  (Docs. 376 & 377).  On July 27, 2020, the Government filed its opposition.  (Docs. 388 & 389).  Defendant filed a Reply on July 30, 2020.  (Doc. 394).

## II. LAW & ANALYSIS

**A.     Standard of Review**

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, in certain circumstances, a defendant may ask the court to modify a sentence, otherwise known as "compassionate release." *Id.* at § 3582(c)(1)(A). Before doing so however, a defendant must exhaust his administrative remedies. *Id.*; *United States v. Alam*, 960 F.3d 831, 835 (6th Cir. 2020). Both parties agree that Defendant here has exhausted his administrative remedies. (*See* Doc. 388, PageID: 2442).

After a defendant exhausts his administrative remedies, he may ask the court for compassionate release. After considering the § 3553(a) factors, a district court may reduce a term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the United States Sentencing Commission." § 3582(c)(1)(A)(i).[1]

That applicable policy statement is outlined in § 1B1.13 of the Sentencing Guidelines. There, the Commission lists 'extraordinary and compelling reasons' as: (A) Medical Condition of the Defendant; (B) Age of the Defendant; (C) Family Circumstances; and (D) Other Reasons, a 'catch-all' provision for extraordinary reasons outside those listed. U.S.S.G. § 1B1.13, n. 1. Important here, as currently drafted, the 'Other Reasons' must be "determined by the Director of the Bureau of Prisons." *Id.* at § 1B1.13, n. 1(D).

Ultimately, "[t]he defendant has the burden to show he is entitled to a sentence reduction" under § 3582(c)(1)(A). *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020).

---

[1] There is a second scenario that entitles a defendant relief based on his or her age, but that section is not applicable to Defendant. *See* 18 U.S.C. § 3582(c)(1)(A)(ii).

**B.       Extraordinary and Compelling Reasons**

Here, Defendant has not demonstrated that 'extraordinary and compelling reasons' warrant a sentence reduction.  Defendant's request for a reduction is based on the presence of COVID-19 and his preexisting health conditions, along with a recent Sixth Circuit decision interpreting the career-offender guidelines.  Even after considering these in combination, the Court still determines that a reduction is impermissible.

Defendant presented evidence that he suffers from high blood pressure and that he is obese.  Neither condition is terminal.  *See* U.S.S.G. § 1B1.13, n. 1(A)(i).  The only other applicable policy statement requires Defendant to suffer "from a serious physical or medical condition…that substantially diminishes [his] ability…to provide self-care" at the correctional facility and from which he is not expected to recover.  *Id.* at § 1B1.13, n. 1(A)(ii).[2]  Defendant does not claim that his high blood pressure or obesity 'substantially diminishes' his ability to care for himself at Elkton.  In fact, Defendant has been medicated for high blood pressure since he began his incarceration and his two most recent readings exhibited a healthy blood pressure.

Nor does the presence of COVID-19 change the Court's decision.[3]  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society…cannot independently justify compassionate release"); *see also United States v. Brown*, 2020 WL 3833284, *3 (D. Md. July 8, 2020) ("The fact that COVID-19 is present in a correctional facility

---

[2] The policy statement provides guidance for two other situations under Medical Conditions that relate to functional or cognitive impairment and deterioration due to the aging process.  Neither is applicable here.

[3] Many district courts have determined that they have the authority to determine if "Other Reasons" exists for compassionate release under U.S.S.G. § 1B1.13, n. 1(D). *See United States v. Decator*, --- F. Supp.3d ----, 2020 WL 1676219, * 2 (D. Md. April 6, 2020) (collecting cases).  According to these courts, they are not bound by the Bureau's determination of "Other Reasons" as currently written in the policy statement.  *United States v. Thomas*, 2020 WL 3895781, * 3 (W.D. Va. July 10, 2020) (collecting cases).  The Court adopts this rationale for the limited purpose in finding that it can look to see if "Other Reasons" exists for compassionate release.

is not alone sufficient to qualify an inmate for compassionate release under the First Step Act"). And despite Defendant's citations to the contrary, many courts have found just the opposite—hypertension and obesity, in combination with COVID-19, do not constitute extraordinary and compelling reasons for compassionate release. *United States v. Wilfred*, 2020 WL 4365531, *4-5 (E.D. La. July 30, 2020) ("courts have found that obesity—alone or paired with hypertension—does not provide adequate grounds for compassionate release"); *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release of a 34 year old, obese defendant, reasoning that because "42.4% of American adults are obese and [an] additional 32% are overweight," obesity "is not a condition so [extraordinary] that injustice would result if the relief is not granted"); *United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (denying compassionate release of a defendant whose "only active health problems are obesity and high blood pressure"); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020) (denying compassionate release upon finding that the defendant's "general complaints of obesity and hypertension are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary.")

The Court agrees with this line of reasoning. While Defendant's hypertension "might" increase his risk for severe illness from COVID-19,[4] his blood pressure is controlled with medication and in a healthy range. And even though Defendant's obesity places him at risk for severe complications from COVID-19 according to the Centers for Disease Control and

---

[4] Centers for Disease Control and Prevention, "People with Certain Medical Conditions," (updated July 30, 2020), *available at*: https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html#serious-heart-conditions (last visited Aug. 18, 2020).

Prevention,[5] Defendant's age and lack of other health issues mitigate against a finding of extraordinary and compelling reasons.

Finally, the Court holds that the Sixth Circuit's recent decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) cannot serve as an "extraordinary and compelling reasons" under § 3582(c)(1)(A). *See United States v. Greene*, 2020 WL 3118645, at *1 (E.D. Mich. June 11, 2020) ("The Sixth Circuit's decision[] in…*Havis* do[es] not fall within any of the limited circumstances where courts are empowered to modify a defendant's sentence under § 3582(c)"). While § 1B1.13 is outdated, it still provides district courts guidance. *United States v. Thomas*, 2020 WL 3895781, *3 (W.D. Va. July 10, 2020). That guidance is silent with respect to changes in sentencing since the original sentence. *United States v. Saldana*, 807 Fed. App'x 816, 820 (10th Cir. Mar. 26, 2020) ("neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction"). In fact, in what little guidance district courts do have, the Sixth Circuit reminds us that compassionate release is "available only to elderly prisoners and those with 'extraordinary and compelling reasons' for release." *Alam*, 960 F.3d at 835. And by amending the compassionate release statute in the First Step Act, "Congress gave inmates an option to seek early release ***on health grounds***." *Id.* (emphasis added).

Thus, inquiry under the compassionate release statute must be highly individualized, and not based on facts or changes in the law that affect hundreds—if not thousands—of prisoners. *See United States v. Smith*, 2020 WL 4273816, *2 (N.D. Ohio July 24, 2020) ("The compassionate release analysis is a highly individualized inquiry that takes into account a variety of relevant facts"). Facts that reflect changes in how the Sixth Circuit interprets the career-

---

[5] *Id.*

- 5 -

offender enhancements (which impacts hundreds of prisoners) and COVID-19 (which impacts all prisoners) are too general to satisfy this individualized analysis.  Finally, the Sixth Circuit has previously determined that the same argument that Defendant advances cannot support relief on a collateral attack.  *See Bullard v. United States*, 937 F.3d 654 (6th Cir. 2019) ("[Defendant] cannot use § 2255—or our decision in *Havis*—to attack collaterally his designation as career offender under the Sentencing Guidelines").  It makes little sense therefore to allow Defendant to circumvent that decision by using a different statute to attack the length of his sentence.

Defendant's citation to supportive caselaw does not change this Court's opinion.  The Court has thoroughly researched and analyzed this issue and agrees with other district courts that have determined that changes in sentencing policy do not warrant extraordinary and compelling reasons for compassionate release.  *See, e.g., United States v. Rucker*, 2020 WL 4365544, *4 (D. Kan. July 30, 2020) ("the Court concludes that it may not grant defendant relief under Section 3582(c)(1)(A) based on the disparity between his sentence and the sentence he would have received if given the benefit of a subsequent amendment of sentencing law").

Thus, because Defendant has not demonstrated any 'extraordinary and compelling reason' to justify compassionate release, his Motion is without merit.

**C.    Section 3553(a) Factors**

However, even if Defendant did present extraordinary and compelling reasons worthy of compassionate release, the Court holds that the § 3553(a) factors weigh in favor of continued detention.  The compassionate release statute requires district courts to consider "the factors set forth in section 3553(a) to the extent that they are applicable[.]"  18 U.S.C. § 3582(c)(a)(A).  These familiar factors address "the need to provide just punishment, the need to reflect the

seriousness of the offense, and the need to promote respect for the law" among others.  *United States v. Kincaid*, 802 Fed. App'x 187 (6th Cir. Apr. 23, 2020).

The nature and circumstances of the offense, as well as Defendant's past criminal history, support continued incarceration.  Defendant here participated in a large drug conspiracy, where he served as the number two-man in-charge.  He admitted to possessing and distributing at least 2 kilograms of cocaine.  Along with his co-conspirators, Defendant peddled drugs into the community.  He has prior drug-related convictions, including a past conspiracy offense in Federal court.  While he has performed admirably while incarcerated, his recent performance inside a prison cannot overcome his poor behavior outside that environment.

Moreover, Defendant's minimum term of incarceration is 60 months.  *See* 21 U.S.C. § 841(b)(1)(B).  Defendant now requests immediate release from prison after serving just 46 months.  The Court will not grant Defendant's requested relief and order home confinement as he has yet to reach the statutory minimum term for his offense.

However, the above is only relevant if the Court adopted Defendant's proposed range of 60 to 71 months.  This range is based on the finding that Defendant no longer qualifies as a career offender.  But as discussed above, Defendant is not entitled to this "renewed" calculation. Accordingly, his range remains the same.

Finally, the Court must avoid unwarranted sentencing disparities among the co-defendants in this case.  As stated before, Defendant served as a higher-up in the convicted drug conspiracy.  The leader of the conspiracy, Darrien Smith, received a sentence of 132 months. Other co-defendants received sentences ranging from probation to 84 months.  Defendant's proposed relief of 46 months imprisonment while serving the remainder in home confinement

would create a disparity among him and his co-defendants.  Essentially, Defendant would be punished less severely even though he served a greater role than his counterparts.

For these reasons, even if Defendant demonstrated extraordinary and compelling reasons, the applicable § 3553(a) factors do not support Defendant's request for compassionate release.

### III. CONCLUSION

Defendant cannot establish 'extraordinary and compelling reasons' for compassionate release.  Even if he could, the § 3553(a) factors do not support Defendant's requested for relief.  For these reasons, the Court **DENIES** Defendant's Request for Compassionate Release.  (Docs. 376 & 377).

**IT IS SO ORDERED.**

                           s/ Christopher A. Boyko
                           **CHRISTOPHER A. BOYKO**
                           **Senior United States District Judge**

**Dated: August 27, 2020**